UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES R. GETSINGER, | : | |
| | : | Civil No. 11-3047 (FLW) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HARRY HAGEMAN et al., | : | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | : | |

IT APPEARING THAT:

1. On March 9, 2011, Petitioner filed a petition ("Petition") seeking relief pursuant to 28 U.S.C. § 2254; the Petition was filed with the United States District Court for the Northern District of California ("NDCA"). See Docket Entry No. 1.

2. Petitioner asserted that, in January 1976, Petitioner was convicted of murder and sentenced to a term imprisonment; the conviction and sentence were rendered by New Jersey state court. See id. According to the Petition, Petitioner was released on parole in January 1989 and, immediately thereafter, transferred to California under an interstate compact. See id. Petitioner also asserted that he was given a term of 21 years of parole supervision, which should have caused his parole supervision to expire on January 2010. See id. Petitioner, however, maintains that, when he attempted to process his discharge-of-parole paperwork in January 2010, he was informed that a mistake had been made, and – seemingly due to that mistake – Petitioner's discharge-of-parole date was moved from

January 20*10* to January 20*99*.[1]  See id.  When Petitioner made inquiries as to the origin of this mistake, he was, allegedly, told that the change in the discharge-of-parole date originated with some entity in New Jersey. See id.  The Petition requested cessation of parole supervision and named, as the first-named Respondent, Harry Hageman ("Hageman"), the Executive Director of the Interstate Commission for Adult Offender Supervision ("ICAOS"). See id.

3. The NDCA directed service on Hageman. See Docket Entry No. 3.  Hageman moved for dismissal arguing that Petitioner's § 2254 challenges were unexhausted in state courts, that Hageman was immune from suit, pursuant to the mandate underlying the operations of ICAOS, and that this District – rather than the NDCA – was the proper venue for Petitioner's litigation. See Docket Entry No. 5.  After additional submissions filed by Hageman, the NDCA held a hearing on Hageman's motion, see Docket Entries Nos. 6, 7, 8 and 9, and – on May 19, 2011 – issued an order transferring Petitioner's case to this District. See Docket Entry No. 10.  No substantive determinations were made. See id.

4. The Clerk received the transfer order and NDCA docket on May 26, 2011; the transferred matter gave rise to the action at bar, and it was assigned to the undersigned. See Docket Entry No. 11.  Simultaneously with commencement of the instant proceedings, the Clerk informed the California attorney (who was representing Hageman in the NDCA) that the attorney was not admitted to the New Jersey federal bar and instructed the attorney to

---

[1] According to the website of the New Jersey Department of Corrections, Petitioner was born on June 23, 1958.  See <<https://www6.state.nj.us/DOC_Inmate/details?x=1069969&n =0>>.  Therefore, on January 2099, Petitioner will be over 140 years old.

obtain a liaison counsel admitted to practice in this District.  See Docket Entry No. 12.  No response was received.[2]

5. A state litigant applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").  The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).  Exhaustion is not a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987).  Exhaustion also has the practical effect of permitting development of a complete factual

---

[2] Hageman's motion is not properly before this Court since it was neither renewed upon commencement of these proceedings nor was submitted by counsel admitted to practice before this District.

|   |   |
|---|---|
|   | record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Only if a petitioner's federal claims have been fairly presented to each level of the state court, including the state's highest court, the exhaustion requirement is satisfied. See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350. The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson, 987 F.2d at 987. |
| 6. | Here, the Petition makes it abundantly clear that Petitioner did not exhaust his challenges in state courts. Therefore, the Petition is subject to dismissal, without prejudice to Petitioner's initiation of another Section 2254 action upon due exhaustion of his claims. |
| 7. | Moreover, it appears that Petitioner cannot meet the "in custody" requirement. A litigant challenging a state conviction through federal habeas corpus must establish, as an initial matter, that (s)he is "in custody" pursuant to the challenged judgment. See 28 U.S.C. § 2254(a). Thus, a federal court has no jurisdiction to entertain a habeas petition unless the |

    petitioner meets the "in custody" requirement at the time he files his petition. Indeed, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal habeas corpus jurisdiction." Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972). "Custody" is defined not only as physical confinement, but includes circumstances entailing such limitations on a person's liberty as those imposed during *actual* parole. See Maleng v. Cook, 490 U.S. 488, 491 (1989); see also Hensley v. Mun. Court, 411 U.S. 345 (1973) (determining that a habeas petitioner released on his own recognizance, who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement). However, a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction (or the parole restrictions imposed in conjunction with that conviction) have fully expired at the time his petition is filed. See Maleng, 490 U.S. at 491.

8.   Here, Petitioner does not assert that he is *actually* on parole as of now; indeed, his *actual* parole period expired more than a year *prior* to his filing of the Petition. Rather, Petitioner assets that he is unable to process his discharge-of-parole papers because of a mistake. However, a detriment caused by a clerical mistake in re-recordation of an otherwise-valid judgment is qualitatively different from one being "in custody" pursuant to a challenged judgment. Therefore, for the purposes of § 2254, Petitioner is not "in custody," and his Petition is subject to dismissal with prejudice.[3]

---

[3] The shortcomings of Petitioner's position are even more obvious if assessed in light of the timeliness requirement. On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date

9. The Court must now determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. Here, the Court determined that the Petition is unexhausted and untimely, and Petitioner is not "in custody." The Court is persuaded that reasonable jurists would not debate the correctness of this conclusion. Therefore, no certificate of appealability will be issued.

---

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Here, Petitioner's AEDPA periods to challenge (a) his judgment of conviction, and/or (b) the determination made as to the period of his parole supervision, expired many *decades* prior to his filing of the Petition with the NDCA: Petitioner filed his Petition fifteen months after he discovered the existence of the mistake underlying his inability to process his discharge-of-parole papers. However, the date of this mistake in re-recordation (or the date of Petitioner's actual discovery of that mistake, or the date when he could have discovered that mistake with due diligence) has *no relevance* to the dates pertinent to Petitioner's AEDPA periods to file a Section 2254 petition, i.e., the one-year-period from the date when his judgment of conviction became final or the one-year-period from the date when the determination as to the length of Petitioner's period of parole supervision became final.

IT IS on this ___28th___ day of __July__, 2011,

ORDERED that the Petition, Docket Entry No. 1, is dismissed, for failure to meet the "in custody," exhaustion and timeliness requirements;[4] and it is further

ORDERED that no certificate of appealability shall issue; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested; and it is finally

ORDERED that the Clerk shall close the file on this matter.

*s/Freda L. Wolfson*
**Freda L. Wolfson,**
**United States District Judge**

---

[4]No statement made in this Memorandum Opinion and Order shall be construed as this Court's finding that Petitioner is necessarily prevented from obtaining the remedy he is seeking; indeed, Petitioner might be able to succeed at his claims if he elects to raise them by means of applications *other* than a § 2254 petition.  However, no statement made in this Memorandum Opinion and Order shall be construed as this Court's finding that Petitioner would necessarily succeed at his claims in the event he elects to file such alternative actions.